# Court of Appeals
## Tenth Appellate District of Texas

10-25-00183-CV

In the Interest of K.K.G.-M., a Child

On appeal from the
278th District Court of Leon County, Texas
Judge Tracy Sorenson, presiding
Trial Court Cause No. 22-0155CV

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

Appellants attempt to appeal from the trial court's "Order Granting the Department of Family and Protective Services Motion to Strike Motion to Change Placement."[1]

We have jurisdiction to consider appeals only from final judgments and interlocutory orders made appealable by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see also* TEX. CIV. PRAC. & REM. CODE

---

[1] Appellants also ask us to reverse an order from a separate proceeding, cause number 24-145-DCFAM-00075, striking their petition to adopt K.K.G.-M. Appellants did not file a notice of appeal from cause number 24-145-DCFAM-00075 and the record before this Court does not contain a written order bearing that cause number. Therefore, we do not consider an order purportedly striking a petition to adopt in this opinion.

Appellants further mention their "Motion/Petition to Modify" seeking conservatorship of K.K.G.-M. in cause number 22-0155CV. The record before us does not contain a written order disposing of the "Motion/Petition to Modify."

ANN. § 51.014(a). Without a final judgment or appealable interlocutory order, we lack jurisdiction over the appeal and we must dismiss it. *See Lehmann*, 39 S.W.3d at 195-96. A judgment is considered final if it disposes of all pending parties and claims in the record, with limited exceptions that are not relevant to this appeal. *Id.* at 195, 200.

On November 25, 2025, we issued an order notifying Appellants of our concern that we lack jurisdiction over this appeal because the "Order Granting the Department of Family and Protective Services Motion to Strike Motion to Change Placement" did not appear to be an appealable order. We warned Appellants that this appeal would be dismissed for want of jurisdiction unless they filed a response showing grounds for continuing the appeal within ten days of the date of the Order. Appellants filed a response, but it does not show grounds for continuing the appeal.[2] The Department filed a response and requests dismissal of this appeal for want of jurisdiction. *See In re M.B.*, No. 01-20-00003-CV, 2021 WL 4095252, at *3-4 (Tex. App.—Houston [1st Dist.] Sept. 9, 2021, no pet.) (mem. op.).

We have considered the record before us and find that we do not have jurisdiction over this appeal. Accordingly, this appeal is dismissed. *See* TEX.

---

[2] In their response, Appellants claim that relief is available to a party who is dismissed from a suit affecting the parent-child relationship for lack of standing through a petition for writ of mandamus. Appellants did not file a petition for writ of mandamus.

R. App. P. 42.3; *Lehmann*, 39 S.W.3d at 195; *In re M.B.*, 2021 WL 4095252, at *3-4.

_____

STEVE SMITH
Justice

OPINION DELIVERED and FILED:  December 11, 2025
Before Chief Justice Johnson,
          Justice Smith, and
          Justice Harris
Dismissed
CV06

